UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TYRE GRINAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00143-SEB-DML |
| | ) | |
| CLARK COUNTY JAIL, | ) | |
| JAMEY NOEL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT
AND OPPORTUNITY TO SHOW CAUSE**

Clark County Jail inmate Tyre Grinage commenced this 42 U.S.C. § 1983 action on June 25, 2020. Dkt. 1. The Court now screens the complaint and makes the following rulings.

**I. Screening Standard**

Because Mr. Grinage is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings

liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names Clark County Jail and Sheriff Jamey Noel as defendants. The plaintiff alleges that on April 15, 2020, two inmates "jumped" him and that he had to go to the hospital as a result. He seeks money damages and release from jail.

Claims against Clark County Jail must be **dismissed** because the Jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Claims against Sheriff Jamey Noel must be **dismissed** because the complaint does not allege that the Sheriff was personally involved in the incident or had personal knowledge of any threat against Mr. Grinage before the alleged attack. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (citation and quotation marks omitted).

Jail officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v.*

*Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). Nothing in the complaint allows the Court to infer that any jail official, let alone the Sheriff, was aware of the risk the two inmates posed to Mr. Grinage and failed to take steps to protect him. For these reasons, all claims against Sheriff Jamey Noel are dismissed.

### III.
### Opportunity to Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through July 31, 2020,** in which to show cause why Judgment consistent with this Order should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: _____7/6/2020_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYRE GRINAGE
434107301982
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130